

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# Hughes v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3656

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hughes v. Comm Social Security" (2008). *2008 Decisions.* Paper 297.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/297

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3656
_____

PATRICIA B. HUGHES,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 06-cv-01649
District Judge:  The Honorable A. Richard Caputo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 23, 2008

Before: RENDELL and SMITH, *Circuit Judges*,
and POLLAK*, *District Judge**

(Filed:  October 30, 2008)

OPINION

SMITH, *Circuit Judge*.

---

*The Honorable Louis H. Pollak, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1

Patricia B. Hughes appeals from the judgment of the United States District Court for the Middle District of Pennsylvania, which affirmed the denial by the Commissioner of Social Security of Hughes' application for disability insurance benefits. The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g). We exercise appellate jurisdiction under 28 U.S.C. § 1291. Our review is limited to determining whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). We will affirm.

Hughes sustained an injury to her right hip when she slipped at work in January of 2002. Although a battery of diagnostic studies were performed, and several diagnoses were ruled out, no definitive diagnosis was made. In April of 2003, Dr. Gibson documented that treatment "has not been terribly successful." He expressed his belief that she had a total disability and opined that he still felt that "her diagnosis is likely consistent with muscle ligamentous capsular tear . . . ."

In October of 2003, Dr. Gibson documented that the results of several diagnostic studies were negative and that he thought "that she is permanently and totally disabled." In May of the following year, Dr. Gibson opined that Hughes' right hip was "the same. . . . She is left with a permanent disability about her right hip which is significant. I feel there is no other treatment available at this time." He prescribed pain medication and

noted that he would see her as needed. In response to a request by the Social Security Administration for information about Hughes' medical status, Dr. Gibson documented that Hughes complained of pain in her right groin and that an exhaustive work up had been negative for any objective findings. Dr. Gibson opined that she had a chronic soft tissue injury of the right hip, and that her prognosis was poor. In addition, Dr. Gibson completed a form regarding Hughes' ability to do physical work-related activities, and reported that she was unable to perform the full range of sedentary work because of limitations in her ability to lift, to carry, to sit, to stand, to walk, and to perform postural maneuvers.

On December 15, 2005, Hughes testified during a hearing before an Administrative Law Judge (ALJ). She described the origin of her injury and explained that she was unable to work because of limitations arising from her injury.

In January of 2006, Dr. Gibson again responded to a request from the Social Security Administration. He documented that he had last treated Hughes in September of 2005, and that she continued to complain of chronic inflammatory type pain in her right groin. Objective findings, however, were negative. Dr. Gibson's diagnosis of Hughes' condition changed slightly from chronic soft tissue injury of the right hip to "chronic strain right groin, unrelenting and unimproved." Her prognosis, Dr. Gibson opined, was still poor, and she remained unable to perform the full range of sedentary work.

In a decision dated January 27, 2006, the ALJ denied Hughes's application for

benefits. The ALJ applied the five step sequential analysis set forth in 20 C.F.R. § 404.1520. At step one, he found that Hughes had not engaged in any substantial gainful activity. Step two required the ALJ to determine if Hughes had a severe impairment. *Id.* at § 404.1520(a)(4)(ii). He concluded that she did not have severe impairment and was not disabled for purposes of Social Security.

The ALJ explained that Hughes had to prove that she had a physical impairment by offering "medical evidence, consisting of signs, symptoms, and laboratory findings." Although the ALJ acknowledged Hughes' complaints of chronic pain in her right hip, groin, and leg, he pointed out that "despite an exhaustive diagnostic work up, no medically determinable impairment has been established that would account for these symptoms." He also considered the medical evidence, including the documentation from her treating physician Dr. Gibson. He gave little weight to Dr. Gibson's opinion, however, as his progress notes failed to "set forth any objective basis for the assigned physical limitations." The ALJ specified that "the only clinical finding [Dr. Gibson] describes is 'pain (right) groin,' which is a subjective symptom and not a finding and he specifically admits that exhaustive work up was negative for objective findings." In the absence of any objective findings, the ALJ concluded that Hughes had failed to meet her burden of proof at step two in the analysis.

Hughes' appeal to the District Court was unsuccessful. This appeal followed. She argues that the ALJ erred because the burden at step two is de minimis and the evidence

4

she adduced was sufficient to demonstrate that she had a severe impairment.

> Regulation § 404.1508 specifies that an individual's
>
> impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical . . . impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508. Regulation 404.1528 explains that "[s]igns are anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). . . . They must also be shown by observable facts that can be medically described and evaluated." 20 C.F.R. § 404.1528(b). Laboratory findings can be shown by medically acceptable laboratory diagnostic techniques, chemical tests, electrophysiological studies, and x-rays. 20 C.F.R. § 404.1528(c). Examples of objective medical findings are set forth in 20 C.F.R. § 404.1529(c)(2), including "reduced joint motion, muscle spasm, sensory deficit, or motor disruption."

We are sympathetic to Hughes' predicament, but we do not find any error in the ALJ's application of these regulations to the medical evidence of record. As the ALJ noted, Dr. Gibson's assessments were unsupported by objective findings. Dr. Gibson acknowledged this very fact in responding to the Social Security Administration's two requests for information. Noticeably absent from this record is any documentation regarding the examples of objective medical findings cited in regulation § 404.1529(c)(2). We conclude that there is substantial evidence to support the ALJ's determination that

Hughes did not have a medically determinable severe impairment that meets the 12-month duration requirement. Accordingly, we will affirm the judgment of the District Court.